UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASCELL SIMMONS | : |
| | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:CV-03-1089 |
| v. | : |
| | : (CHIEF JUDGE VANASKIE) |
| UNITED STATES OF AMERICA, et al., | : |
| | : |
| Defendants. | : |

**M E M O R A N D U M**

I.   **Introduction**.

On June 30, 2003, Plaintiff, Lascell Simmons, an inmate formerly housed at United States Penitentiary at Allenwood ("USP-Allenwood"), filed the present action asserting both Bivens claims[1] and claims under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et seq. Simmons alleges that on July 3, 1998, while housed at USP-Allenwood, defendants failed to protect him from being assaulted by his cellmate. Simmons seeks monetary relief. Named as defendants are Chris Adams, Jonathan Grill, Allen

---

[1] A Bivens claim is a constitutional tort claim named after the case in which the claim was first accepted, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L. Ed. 2d 619 (1971). It is a claim against federal officers that is the counterpart to a claim against state officers under 42 U.S.C. § 1983. See Egervary v. Young, 366 F.3d 238, 246 (3rd Cir. 2004). Consequently, it has been held that the principles and analysis applicable to § 1983 actions are equally applicable to Bivens-type actions. See Schrob v. Catterson, 948 F.2d 1402, 1408-09 (3d Cir. 1991).

Stevenson, Steven Hannis, John Fanello, Kathleen Hawk Sawyer, and John Ashcroft.

Presently before the Court is Defendants' Second Motion to Dismiss the Amended Complaint raising, <u>inter</u> <u>alia</u>, the following arguments: (1) Simmons' claims under the FTCA are barred by the applicable statute of limitations due to his failure to timely present his tort claim to the Bureau of Prisons ("BOP"); and (2) Simmons' <u>Bivens</u> claims also are time barred as they were filed more than two years after the assault.  For the following reasons, Defendants' motion will be granted and the action will be dismissed.

**II.**      **Background.**

As alleged in the amended complaint filed on September 7, 2004, Simmons suffered a stroke in 1989 that has hindered him in all aspects of his life.  On July 3, 1998,[2] Plaintiff and his cellmate, Holliway, were handcuffed by staff and escorted from their USP-Allenwood Special Housing Unit cell to a recreation area.  While on the way to the recreation area, Holliway declined the opportunity to exercise and was return to his cell.  After a period of recreation, Officer Hannis handcuffed Simmons behind his back and escorted him to his cell.  Without requiring Holliway to be handcuffed, and while Simmons remained handcuffed, Hannis opened Simmons' cell door and ordered him to enter.  When Simmons complied with this order, the cell door was shut.  Prior to the officer removing Simmons' handcuffs, Holliway attacked

---

[2] Plaintiff's Amended Complaint states he was assaulted on "7/3/04."  All other documents filed by Plaintiff in this action, however, references a July 3, 1998 assault.  It is thus obvious that the "7/3/04" reference is a scrivener's error.

Simmons with a sharp object. As a result of his injuries, Simmons was transported to an outside hospital where he received over 100 stitches and staples to patch his numerous wounds.

Plaintiff claims that on several occasions prior to the assault, inmate Holliway told defendants Stevenson, Grill, and Adams that "he was going to hurt somebody if he did not get transferred out of U.S.P. Allenwood." The remaining defendants (Fanello, Hawk-Sawyer, and Ashcroft) are alleged to be "responsible for making sure all rules, regulations, policies, or code of federal regulations are received and understood by all B.O.P. personnel employed within U.S.P. Allenwood."

### III.     Relevant Procedural History.

In June of 2000, almost two years after the alleged altercation, Simmons previously filed a Bivens-civil rights complaint asserting a failure to protect claim arising out of the July 3, 1998 incident, Simmons v. Doe, 3:CV-00-1078 (M.D. Pa. 2000), which was dismissed sua sponte for failure to exhaust administrative remedies.[3] The Third Circuit Court of Appeals affirmed this ruling, see Simmons v. Doe, No. 00-4382 (3d Cir. June 18, 2001)(unpublished).

---

[3] This sua sponte dismissal was affirmed by the Third Circuit Court of Appeals prior to its pronouncement in Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002), that failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendants.

Simmons then began pursuing BOP administrative remedies in July 2001. (Dkt. Entry 43.) Simmons avers that his administrative complaints were rejected as untimely.[4] Simmons also avers that in 2002 he filed an administrative tort claim, which was rejected because filed after the applicable two year limitations period had expired. (Id.)

Simmons initiated his present action on June 30, 2003. After reviewing the voluminous Complaint, I directed Simmons to file an amended complaint, which he did on November 12, 2003. (See Dkt. Entries 10 and 14.) After service of the Amended Complaint, Defendants filed a Motion to Dismiss. (Dkt. Entry 27.) Simmons then attempted to file a second amended complaint which was inadvertently filed as a separate action.[5] Because the two actions dealt with the 1998 assault, but asserted different claims against varying defendants, I consolidated the actions and granted Simmons the opportunity to file one all-inclusive amended complaint. In the same Order I dismissed Defendants' motion to dismiss without prejudice. (Dkt. Entry 41.)  On September 7, 2004, Simmons filed a second amended complaint (Dkt. Entry 43), which is the standing complaint in this action. (Dkt. Entry 47.)  The United States was not included as a defendant in the second amended complaint.

Defendants filed their Second Motion to Dismiss on December 6, 2004. (Dkt. Entry 55.) After Simmons was granted several enlargements of time to file a brief in opposition

---

[4] As a general rule, an administrative complaint must be filed within twenty (20) days of the incident giving rise to the claim.  See 28 C.F.R. § 542.14.

[5] See Simmons v. Ashcroft, 3:04-CV-1454 (M.D. Pa.)(C.J., Vanaskie).

to defendants' potentially dispositive motion, I directed Simmons to file his opposition brief by May 31, 2005, or the motion would be granted as unopposed.  Without requesting another extension of time, or offering any explanation for his tardy response, Simmons filed a brief in opposition to Defendants' Second Motion to Dismiss on July 1, 2005.  (Dkt. Entry 68.)

**IV.** **Standard of Review**.

In deciding a Rule 12(b)(6) motion, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. See Mariana v. Fisher, 338 F.3d 189, 195 (3d Cir. 2003).  Claims may be dismissed pursuant to Rule 12(b)(6) only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief.  Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).  Also, in a pro se case, the court must be mindful of the well-settled principle that the complaint should be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Finally, a litigant should be granted leave to amend, but not if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

**IV.** **Discussion**.

    **A.** **Simmons' FTCA Claim**.

The Defendants contend that I lack subject matter jurisdiction over Simmons' FTCA claims because he did not timely present his administrative tort claim to the BOP. Plaintiff avers that he filed his tort claim with the BOP on July 5, 2002, TRT-NER-2002-10160,

which was rejected "because plaintiff failed to file within the two year time limit." (Dkt. Entry 43.)

>The FTCA expressly provides:
>
>> A tort claim against the United States shall be forever
>> barred unless it is presented in writing to the
>> appropriate Federal agency within two years after
>> such claim accrues or unless action is begun within
>> six months after the date of mailing, by certified or
>> registered mail, of notice of final denial of the claim
>> by the agency to which it was presented.

28 U.S.C. § 2401. Plaintiff's administrative tort claim was clearly untimely.

Plaintiff does not dispute this fact. Instead, he indicates in his opposition brief that he has deliberately abandoned any claim under the FTCA. (Brief in Opposition to Defendants' Motion to Dismiss/Motion for Summary Judgment (Dkt. Entry 68) the "United States of America [was] dropped".)[6] Under these circumstances, the motion to dismiss the FTCA claim as time-barred will be granted.

### B. **Simmons' Bivens Claim**.

Simmons alleges that on July 3, 1998, Defendants failed to protect him from assault by his former cellmate. Simmons alleges that Defendants knew that the cellmate would "hurt somebody if he did not get transferred out of USP-Allenwood." (Dkt. Entry 43.)

---

[6] It is well-established that a complaint filed pursuant to the FTCA must be brought against the United States. 28 U.S.C. § 2679(b)(1). An agency or employee of the United States is not a proper defendant in such an action. 28 U.S.C. § 2679(b).

Defendants contend that Simmons' Bivens action is barred by the statute of limitations as it was not filed before July 3, 2000. (Dkt. Entry 57.)

The statute of limitations applicable to a Bivens claim is the state statute of limitations for personal injury claims. Howard v. Mendez, 304 F. Supp. 2d 632, 635 (M.D. Pa. 2004)(citing Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988)). In Pennsylvania, claims brought pursuant to § 1983 are governed by a two-year statute of limitations. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). The statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)(citations omitted).

Simmons had two years from the date of his injury in which to commence his Bivens action, or in other words, until July 3, 2000. Putting aside for now the effect of the fact that Simmons may have procedurally defaulted any administrative remedy by his delay, it is clear that Simmons did not initiate this action until June 30, 2003, almost three (3) years beyond the applicable statute of limitations.

Simmons offers no argument as to why this action should not be dismissed as untimely. (See Dkt. Entries 68 and 70.) Simmons' initial action, Simmons v. Doe, 3:CV-00-1078 (M.D. Pa. 2000), which was originally dismissed without prejudice, did not toll the statute of limitations. Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999); Cardio-Medical Assocs. v.

Crozier-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983).  "Traditionally, a statute of limitations is not tolled by the filing of a complaint that is subsequently dismissed without prejudice." Jones, 195 F.3d at 160.  Another avenue of exploration is the possible tolling of the limitations period during the pendency of a Simmons' administrative remedies made mandatory by 42 U.S.C. § 1997e.[7]  Unfortunately, this basis for tolling is unavailable to Simmons as he did not commence his exhaustion efforts until July 22, 2001, more than one (1) year after the limitations period had expired.[8]  Even if the extended limitations period of 42 Pa. Cons. Stat. Ann. § 5535(a)(1) were applicable here,[9] dismissal of this action would be warranted because it is evident that Simmons had procedurally defaulted the requisite administrative remedy process

---

[7] See, e.g., Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002); Brown v. Morgan, 209 F.3d 595 (6th Cir. 2000); Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Cir. 1999).  More recently, Judge Caldwell of this district applied this method of statutory tolling.  Howard v. Mendez, 304 F. Supp. 2d 632 (M.D. Pa. 2004).

[8] In his amended complaint, Simmons contends he began pursuit of BOP administrative remedies on July 22, 2001.  (See Dkt. Entry 43.)  Assuming that Simmons did initiate his administrative remedy process on that date and that it concluded on March 21, 2002, almost nine (9) months later, I can not toll the limitations period during this time as the administrative remedy process was initiated after the two-year limitations period had already expired.  The filing of the administrative remedy outside of the limitations period did not reset the statute of limitations or reset the deadline by which Simmons needed to file his Bivens action.  Simmons is ineligible to seek tolling of the limitations period on this basis as he did not have a related administrative remedy pending with the BOP prior to the expiration of the limitations period.

[9] Section 5535(a)1) provides that if an action is timely commenced and is terminated, a party may commence a new action within one year after the termination of the first action.  This provision, however, does not apply to personal injury actions based upon the negligence or unlawful violence of another.  42 Pa. Cons. Stat. Ann. § 5535(a)(2).

by not filing a grievance until more than three years after the incident in question.  See <u>Spruill v. Gillis</u>, 372 F.3d 218, 231-32 (3d Cir. 2004).  Furthermore, Simmons did not file this action until more than one year after he concluded the administrative process, and 42 Pa. Cons. Stat. Ann. § 5535(a)(1) extends the filing period by only one year.  Thus, even if the extended one year statute was tolled while he pursued his administrative claims, <u>see</u> <u>Howard</u>, 304 F. Supp. 2d at 638, Simmons waited too long to return to this Court.  As such, Simmons' <u>Bivens</u> action to recover for injuries purportedly sustained in the alleged July 3, 1998 assault, must be dismissed with prejudice.

**V.        Conclusion**.

For the reasons set forth above, Defendants' Motion to Dismiss will be granted. An appropriate Order follows.[10]

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

---

[10] In light of this determination, Simmons' motions for appointment of counsel (Dkt. Entries 43 and 62) will be denied.

**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LASCELL SIMMONS** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL NO. 3:CV-03-1089** |
| v. : | |
| : | **(CHIEF JUDGE VANASKIE)** |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Defendant.** : | |

## O R D E R

**AND NOW**, this 28th day of **SEPTEMBER, 2005**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motions for Appointment of Counsel (Dkt. Entries 62 and 69) are **DENIED.**

2. Defendants' Second Motion to Dismiss (Dkt. Entry 55), is **GRANTED**.

3. The Clerk of Court shall close this file.

                                                      **s/ Thomas I. Vanaskie**
                                                      Thomas I. Vanaskie, Chief Judge
                                                      Middle District of Pennsylvania